**THE LAW OFFICE OF MICHAEL W. McKELLEB, ESQ. PLLC**
Michael W. McKelleb, NV Bar # 12040
1820 East Warm Springs Road, Suite 130
Las Vegas, Nevada 89119
Telephone: (702) 867-0067
Facsimile: (702) 703-2128
mmckelleb@mckelleblaw.com

**CARPENTER HAZLEWOOD, DELGADO & BOLEN, LLP**
Gregory A. Stein, NV Bar # 13592
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282
Telephone: (480) 427-2800
Facsimile: (480) 427-2801
minuteentries@carpenterhazlewood.com
greg.stein@carpenterhazlewood.com

VVENT.0001
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Kush, Inc., a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>Frank Van Vranken, an individual; DOES I-X, inclusive, and ROE Corporations I-X, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-00647-APG-NJK<br><br>**PARTIAL MOTION TO DISMISS**<br><br>(Assigned to the Honorable Andrew P. Gordon) |

COMES NOW Defendant Frank Van Vranken, Sr. ("Defendant"), by and through undersigned counsel, and submits his Partial Motion to Dismiss Plaintiff Kush, Inc.'s ("Kush") First Amended Complaint ("Amended Complaint").[1] Dismissal in part is

---

[1] Defendant will also refer herein to Kush's Complaint originally-filed in Nevada State Court and removed to this Court as the "Original Complaint."

warranted based on Kush's failure to state claims upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6) and/or failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). More specifically, Kush's Sixth (Fraud), Seventh (Constructive Fraud), and Ninth Claims for Relief (Breach of Fiduciary Duty) must be dismissed in accordance with Rules 12(b)(6) and 9(b). In addition, Kush's Eighth Claim for Relief (Interference with Prospective Economic Advantage) must be dismissed because Kush stipulated to dismiss such claim in response to Defendant's previous Motion to Dismiss. This Motion is supported by the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 25th day of June, 2020.

**THE LAW OFFICE OF MICHAEL W. McKELLEB, ESQ. PLLC**

By: _____
Michael W. McKelleb, Esq.
1820 East Warm Springs Road, Suite 130
Las Vegas, Nevada 89119
*Attorneys for Defendant*

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**

By: _____
Gregory A. Stein, Esq.
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282
*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

The parties have already engaged in extensive motion practice, namely fully-briefing and arguing Defendant's earlier Motion to Dismiss and Kush's Motion for Remand to the

2

Court on May 28, 2020. Because the parties and this Court are aware of the underlying facts and this Motion focuses almost entirely on Kush's failure to properly plead the elements of its fraud claims with particularity, Defendant has not included a further recitation of the facts herein. If factual references are necessary for some reason, Defendant respectfully requests that the Court review the Introduction section of his previously-filed Motion to Dismiss (ECF No. 8).

## I. **STANDARD OF REVIEW**

Under Rule 12(b)(6), a claim may be dismissed if it does not state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally-cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will accept all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, a court may also dismiss a complaint for failure to comply with Rule 9(b). *See Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local #427 v. Philco-

*Ford Corp., WDL Div.*, 661 F.2d 776, 782 (9th Cir. 1981). To that end, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Furthermore, "[t]o comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

## II. <u>LEGAL ARGUMENT</u>

Initially, Kush's Eighth Claim for Relief (Interference with Prospective Economic Advantage) must be dismissed because Kush already stipulated to dismiss such claim in response to Defendant's previous Motion to Dismiss. *See* Kush's Response to Motion to Dismiss (ECF No. 15) at 4; *see also* Order on Motion to Dismiss (ECF No. 23). Kush's Eighth Claim for Relief in its Amended Complaint is identical to the Seventh Claim for Relief (also titled "Interference with Prospective Economic Advantage") in its Original Complaint. The only exception is that the phrase "transfer title to VVE" in the Original Complaint has been replaced by the phrase "document the transfer of a controlling interest in VVE and its assets to Kush" in the Amended Complaint. Original Complaint at ¶ 111; Amended Complaint at ¶ 116. Defendant's understanding of Kush's stipulation and the Court's Order was that any claim for interference with prospective economic relations had

been dismissed—not that Kush could change a few words and reassert the claim as part of its Amended Complaint.

Kush's Sixth, Seventh, and Ninth Claims for Relief—each asserting that Defendant engaged in some form of fraudulent conduct—must be dismissed for failure to state claims upon which relief can be granted in accordance with Rule 12(b)(6) and/or failure to plead fraud with particularity as required by Rule 9(b). Kush's Sixth and Seventh Claims for Relief clearly constitute fraud claims. In addition, while not readily apparent from the language of Kush's Amended Complaint, a careful reading of N.R.S. 78.138 dictates that the Ninth Claim for Relief (Breach of Fiduciary Duty) also represents Kush's assertion that Defendant engaged in some form of fraudulent conduct. More specifically, N.R.S. 78.138(7) provides in relevant part as follows:

> …[A] director of officer is not individually liable to the corporation or its stockholders or creditors for any damages as a result of any act or failure to act in his or her capacity as a director or officer unless:
> …
> (b) It is proven that:
>
> > (1) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and
> >
> > (2) Such breach involved intentional misconduct, **fraud** or a knowing violation of law.

[Emphasis added].

Based on Kush's newly-added Sixth (Fraud) and Seventh Claims for Relief (Constructive Fraud), it is apparent that Kush's additional claim for breach of fiduciary duty is just another offshoot of its general theory that Defendant engaged in some form of

fraudulent conduct. Thus, as fraud theories, Kush's Sixth, Seventh, and Ninth Claims for Relief are subject to the heightened pleading standards of Rule 9(b). Specifically, Kush's fraud claims must be dismissed if its Amended Complaint fails to supply a detailed "account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764. As detailed below, Kush's fraud claims fall woefully short of satisfying the strict requirements of Rule 9(b).

As a threshold matter, there is no legitimate dispute that Kush's Amended Complaint fails to detail the time and place of the allegedly false representations, as well as the identities of the parties to such statements. In other words, the "when, where, and who" concerning how Kush was purportedly defrauded. The timing of Defendant's allegedly false statements is of utmost importance because Kush claims that it invested funds with Defendant over a period of several years. <u>Minimally, Kush cannot rely upon allegedly false statements made *later* in the parties' relationship to recoup any monetary amounts that Kush may have invested *earlier* in the parties' relationship</u>. Apart from a statement Defendant allegedly made on October 25, 2019, Kush does not specify when, where, and to whom[2] any other purportedly false statements were made. *See* Amended Complaint at ¶¶ 30-31, 94-95, and 122. Furthermore, while Kush's Amended Complaint asserts that a statement Defendant allegedly made on October 25, 2019 represents an anticipatory repudiation of the parties' agreement, Kush does not assert that any such statement was false or fraudulent.

---

[2] Presumably, Kush means its board members, but does not specify which of its board members (if less than all).

Moreover, Kush's Amended Complaint is curiously devoid of any "specific content of the [allegedly] false representations" at issue. *Swartz*, 476 F.3d at 764. Alternatively, certain allegedly false statements Kush highlights in its Amended Complaint are not false or fraudulent. Defendant has listed and noted his objection to each such statement in the table below:

| **Allegedly False or Fraudulent Statement** (reference is to paragraph number of Kush's Amended Complaint) | **Defendant's Response** |
|---|---|
| 16. Defendant committed to working with Kush to save and expand NCWP, to get MG licensed and generating significant revenue, all while working on the primary goal of being a part of, and reaping the possible benefits of Kush leveraging (in part) the potential future value of the Property and going public. | Lacks specificity as to what Defendant allegedly "committed" to do. Even if Defendant agreed to "work with" Kush in some fashion, this is an overly broad and ambiguous statement for which Defendant can only "deny that [he has] done anything wrong." *Bly-Magee*, 236 F.3d at 1019. |
| 18. Kush invested heavily in NCWP upon Defendant's representation that upon a cash infusion by Kush (to purchase logs and eventually purchase a $150,000 mill) NCWP could nearly double production and would generate anywhere from $25K to $35K in sales per day. | Does not allege that any such representation (if made) was false or fraudulent. |
| 32. Defendant was well aware of Kush's intent to borrow against the Property for sustainability until Kush went public and/or generated sufficient revenues from NCWP and MG operations. | Does not specify any statement that Defendant allegedly made and, therefore, is an improper conclusory allegation. |

| | |
|---|---|
| 84. Defendant defrauded Kush by representing that he would cooperate to position Kush to go public if Kush would invest monies in his businesses. | Lacks specificity as to what Defendant allegedly represented generally and how he agreed to "cooperate" specifically. Even if Defendant agreed to cooperate with Kush in its endeavor to go public, this is an overly broad and ambiguous statement for which Defendant can only "deny that [he has] done anything wrong." *Id.* Furthermore, any such representation (if made) was not false or fraudulent. As detailed in Defendant's earlier Motion to Dismiss (ECF No. 8) and Reply in Support of Motion to Dismiss (ECF No. 16), Kush filed its Form S-1 Registration Statement with the SEC on February 14, 2019—presumably after some of the complained-of statements were allegedly made. |
| 85. Defendant defrauded Kush through a false representation that upon a cash infusion by Kush (to purchase logs and eventually purchase a $150,000 mill) NCWP could nearly double production and would generate anywhere from $25K to $35K in sales per day. | Does not allege that any such representation (if made) was false or fraudulent. |
| 87. Defendant continued his false representations of cooperation. | Lacks any specificity whatsoever. |
| 88. Kush's Board continued to approve, and Defendant continued to accept, funds for development -- always with Defendant's stated support of an intent to memorialize the parties' agreements in formal written purchase agreements. | Lacks specificity as to Defendant's "intent" and what "support" he allegedly offered. Even if Defendant offered some form of support to Kush, this is an overly broad and ambiguous statement for which Defendant can only "deny that [he has] done anything wrong." *Id.* |

| | |
|---|---|
| 90. Defendant accepted a position as a member of the Kush Board of Directors during the September 2018 restructuring, further indicating that he would cooperate in the best interests of Kush. | Does not specify any statement that Defendant allegedly made and, therefore, is an improper conclusory allegation. |
| 92. Defendant executed the agreement having no intention of performing his obligations under the SPA. | Does not specify any statement that Defendant allegedly made and, therefore, is an improper conclusory allegation. |
| 93. Defendant believed the SPA to be unenforceable against him. | Does not specify any statement that Defendant allegedly made and, therefore, is an improper conclusory allegation. |
| 96. Defendant misrepresented his intentions to be bound by a contract in order to receive funding for his companies, and then in order to profit personally and directly, structured a transaction he believed to be illegal, and executed that agreement on October 1, 2018. | Lacks specificity as to Defendant's "intent" and what representation he allegedly made. This is an overly broad and ambiguous statement for which Defendant can only "deny that [he has] done anything wrong." *Id.* |
| 100. By concealing from Plaintiff Defendant's true intentions, Defendant knowingly made a false representation as to his intentions to cooperate to bring Kush public while actually intending to strip value from the Company and put it into litigation upon a theory that the contract under which this Defendant took value is otherwise unenforceable. | Lacks specificity as to Defendant's alleged "intentions," what he allegedly represented, and how he agreed to "cooperate." Even if Defendant agreed to cooperate with Kush in its endeavor to go public, this is an overly broad and ambiguous statement for which Defendant can only "deny that [he has] done anything wrong." *Id.* Furthermore, any such representation (if made) was not false or fraudulent. As detailed in Defendant's earlier Motion to Dismiss (ECF No. 8) and Reply in Support of Motion to Dismiss (ECF No. 16), Kush filed its Form S-1 Registration Statement with the SEC on February 14, 2019—presumably after |

| | |
|---|---|
| | some of the complained-of statements were allegedly made. |
| 101. Defendant knowingly made false promises to perform by and through his execution of the SPA Agreement for personal pecuniary gain, with no intention to be bound by what he believed was an unenforceable agreement. | Does not specify any statement that Defendant allegedly made and, therefore, is an improper conclusory allegation. |

Based on Kush's failure to expressly detail the fraudulent nature of each allegedly false representation, the time and place of the allegedly false representations, and the identities of the parties to such statements, the Sixth, Seventh, and Ninth Claims for Relief are not "specific enough to give [Defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [he] can defend against the charge and not just deny that [he has] done anything wrong." *Id.* Consequently, these claims must be dismissed.

Furthermore, Kush's Seventh and Ninth Claims should also be dismissed based on Kush's failure to plead any facts demonstrating that: (1) "Defendant held the superior position with the parties' [allegedly] confidential relationship" (Seventh Claim for Relief); and (2) Defendant acted maliciously or oppressively (both Seventh and Ninth Claims for Relief). Amended Complaint at ¶¶ 107-108 and 126.

### III.  **CONCLUSION**

For the reasons detailed herein, Defendant respectfully requests that the Court dismiss Kush's Sixth (Fraud), Seventh (Constructive Fraud), Eighth (Interference with Prospective Economic Advantage), and Ninth Claims for Relief (Breach of Fiduciary Duty).

RESPECTFULLY SUBMITTED this 25th day of June, 2020.

**THE LAW OFFICE OF MICHAEL W. McKELLEB, ESQ. PLLC**

By: _____
Michael W. McKelleb, Esq.
1820 East Warm Springs Road, Suite 130
Las Vegas, Nevada 89119
*Attorneys for Defendant*

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**

By: _____
Gregory A. Stein, Esq.
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25th, 2020, I electronically transmitted the foregoing Partial Motion to Dismiss using the CM/ECF System for filing, and that I transmitted a Notice of Electronic Filing to the following CM/ECF registrants:

Kenneth Hogan, Esq., and Jeffrey Hulet, Esq.
HOGAN HULET, PLLC
1140 North Town Center Drive, Suite 300
Las Vegas, Nevada 89144
ken@h2legal.com
jeff@h2legal.com
*Attorneys for Plaintiff*

By: /s/Greg Stein