# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KUSH, INC., a Nevada corporation,<br><br>　　　　Plaintiff<br><br>v.<br><br>FRANK VAN VRANKEN, an individual; DOES I-X, inclusive, and ROE Corporations I-X, inclusive,<br><br>　　　　Defendants | Case No.: 2:20-cv-00647-APG-NJK<br><br>**Order Granting in Part Plaintiff's Motion for Declaratory Relief**<br><br>[ECF No. 35] |

　　　　Defendant Frank Van Vranken and plaintiff Kush, Inc. entered into a Securities Purchase Agreement (SPA) under which Van Vranken was to sell to Kush a controlling interest in a real estate holding and leasing company. ECF No. 35-1 at 1. Kush alleges Van Vranken defaulted on the SPA, and it filed this lawsuit seeking damages and specific performance of the contract. Van Vranken asserts, among other things, that the SPA is unenforceable because its purpose is to help Kush's business of cultivating and selling marijuana, which is illegal under federal law. Kush now moves for "a judicial declaration that the SPA is not an illegal contract, and that [Van Vranken] may not assert illegality as a defense to enforcement." ECF No. 35 at 11.

　　　　A court cannot enforce a contract by ordering a party to perform an illegal act. *Bassidji v. Goe*, 413 F.3d 928, 937 (9th Cir. 2005) (citing *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 79-80 (1982)). But where a contract may be enforced without requiring an unlawful act, the analysis becomes "nuanced," "taking into account such considerations as the avoidance of windfalls or forfeitures, deterrence of illegal conduct, and relative moral culpability . . . ." *Id.* at 937-38.[1]

---

[1] *See also Mann v. Gullickson*, No. 15-CV-03630-MEJ, 2016 WL 6473215, at *7 (N.D. Cal. Nov. 2, 2016) ("[W]here contracts concern illegal objects, where it is possible for a court to enforce a contract in a way that does not require illegal conduct, the court is not barred from

Here, such a nuanced approach is appropriate. The SPA calls for the sale of an interest in a real estate company that is engaged in legal business. ECF No. 35-1 at 1; ECF No. 58 at 3-4. Van Vranken represented in the SPA that performance of that contract "and the consummation of the transactions" covered by it would not result in a breach or violation of any statute. ECF No. 35-1 at 7, § 3.03. Enforcement of the SPA requires Van Vranken to transfer controlling interest in the company, document that transfer, and provide appropriate books and records. ECF No. 58 at 8-9. Those are not illegal acts. Kush alleges it performed its obligations under the SPA. *Id*. at 3-5. Allowing Van Vranken to escape his obligations under that contract by contending it is illegal would give him a windfall and reward his allegedly improper conduct. *Bassidji* counsels against such an outcome. 413 F.3d at 937-38.[2]

The SPA is not an unenforceable illegal contract, and Van Vranken may not assert illegality as a defense to its enforcement. The SPA may be enforced so long as the other requirements of Nevada contract law are satisfied (e.g., offer, acceptance, consideration, etc.).

/ / / /

/ / / /

/ / / /

/ / / /

---

according such relief."); *Ginsburg v. ICC Holdings, LLC*, No. 3:16-cv-2311-D, 2017 WL 5467688, at *9 (N.D. Tex. Nov. 13, 2017) (explaining that promissory notes financing a marijuana business are not automatically void because "federal courts do not take such a 'black-and-white' approach to enforceability"). *Cf. In re Burton*, 610 B.R. 633, 637 (B.A.P. 9th Cir. 2020) ("One principle seems implicit in the case law, however: the mere presence of marijuana near a bankruptcy case does not automatically prohibit a debtor from bankruptcy relief.").

[2] Kush suggests that, if necessary, I could sever any illegal portion of the SPA and enforce the remainder. The SPA allows for severance of any illegal provision. ECF No. 35-1 at 14, § 6.09. Van Vranken does not point to any specific provision that is illegal. His position is that the entire SPA is illegal. Thus, severance is not necessary.

I THEREFORE ORDER that the plaintiff's motion **(ECF No. 35) is granted**. I declare that the parties' Securities Purchase Agreement is not an unenforceable illegal contract, and that defendant Frank Van Vranken may not assert illegality as a defense to its enforcement.

DATED this 29th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE