# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KUSH, INC.,

      Plaintiff/Counter Defendant,

v.

FRANK VAN VRANKEN and FRANK
VAN VRANKEN, JR.,

      Defendants/Counter Plaintiffs.

Case No.: 2:20-cv-00647-APG-NJK

**Order Denying Defendants' Motions for
Summary Judgment**

[ECF Nos. 73, 91]

Plaintiff Kush, Inc. entered into separate agreements with defendants Frank Van

Vranken, Sr. (Senior) and Frank Van Vranken, Jr. (Junior) by which it sought to acquire interests

in Van Vranken Enterprises, Inc. (VVE) and Mendocino Green, LLC (MG), respectively.

Performance disputes arose, and Kush now sues the Van Vrankens.  They in turn assert

counterclaims against Kush.  Senior moves for partial summary judgment and Junior moves for

summary judgment.  I deny both motions because genuine disputes of material fact remain

regarding who breached the contracts and when.

## I.     BACKGROUND

VVE is a real estate holding company owned by Senior. ECF No. 73-2 at 1.  Kush

contracted to purchase 51% of VVE's common stock in exchange for $2,100,000 payable in the

form of the assumption of two VVE mortgage notes; Cannabis Sativa, Inc. common stock (CS

stock); and cancellation of a debt VVE owed to Kush. *Id.* at 1-2.

MG is "an agricultural production and sales operation" owned by Junior. ECF No. 91-2 at

1.  Kush contracted to purchase a 60% membership interest in MG in exchange for CS stock and

1  Kush common stock. *Id.*  The parties executed both contracts on October 1, 2018.  *Id.*; ECF No.

2  73-2 at 1.

3        Performance disputes arose, and Kush sued the Van Vrankens separately. ECF No. 58;

4  No. 2:20-cv-00649-APG-NJK, ECF No. 1-2.[1]  Kush sues Senior for: (1) breach of contract;

5  (2) specific performance; (3) injunctive relief; (4) declaratory relief; (5) breach of the implied

6  covenant of good faith and fair dealing; (6) fraud; (7) constructive fraud; (8) breach of fiduciary

7  duty; and (9) unjust enrichment.  Senior counterclaims for breach of contract, breach of the

8  implied covenant, and unjust enrichment.  Kush sues Junior for injunctive relief and an

9  injunction for accounting.  He counterclaims for breach of contract.

10        The Van Vrankens move separately for summary judgment,[2] arguing that Kush breached

11  both contracts, thus excusing the Van Vrankens from performing under their respective

12  agreements.  Specifically, Senior argues that Kush never assumed the two VVE mortgage notes

13  and did not timely deliver CS stock.  Junior argues that Kush never delivered Kush stock and did

14  not timely deliver CS stock.  Kush responds that it timely delivered CS stock to both Van

15  Vrankens, and that their breaches of the agreements excused Kush's obligation to assume the

16  two VVE mortgage notes within 12 months of the contract date and its obligation to deliver Kush

17  stock to Junior at some unspecified time.

18  / / / /

19  / / / /

---

[1] The lawsuit against Junior was originally before Judge Mahan, but the cases were consolidated before me. ECF No. 78.

[2] Senior moves for partial summary judgment on Kush's claims for breach of contract, specific performance, injunctive relief, declaratory relief, breach of the implied covenant, and unjust enrichment, as well as on his own claim for breach of contract. ECF No. 73 at 2.  Junior moves for summary judgment on Kush's claims for injunctive relief and an injunction for accounting, as well as on his own claim for breach of contract. ECF No. 91 at 2.

1    II.    **<u>ANALYSIS</u>**

2            Summary judgment is proper where a movant shows that "there is no genuine dispute as

3    to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4    56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."

5    *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  A dispute is genuine if "the evidence is

6    such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The

7    moving party bears the initial burden of informing the court of the basis of its motion and the

8    absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the

9    nonmoving party has the burden of proof at trial, the moving party need only point out "that

10   there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325;

11   *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that

12   the moving party can meet its initial burden by "pointing out through argument . . . the absence

13   of evidence to support plaintiff's claim").

14           Once the moving party carries its burden, the nonmoving party must "make a showing

15   sufficient to establish the existence of [the disputed] element to that party's case." *Celotex*, 477

16   U.S. at 322.  I view the evidence and reasonable inferences in the light most favorable to the

17   nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir.

18   2008).

19           Genuine disputes of material fact preclude summary judgment here.  A reasonable jury

20   could conclude that Kush timely issued CS stock to both Van Vrankens and any delays in their

21   receipt of (or ability to sell) the stock are attributable to Securities and Exchange Commission

22   (SEC) regulations, third-party transfer services, or the Van Vrankens themselves. *See, e.g.*, ECF

23   Nos. 74-1 at 2-3 (explaining that CS stock was issued to Senior within one week of contract

closing);[3] 74-4 at 2 (confirming the October 9 issuance of CS stock to Senior); 74-5 at 11 (noting the potential applicability of SEC Rule 144 to the contract with Senior); 94-1 at 3 (explaining that CS stock was issued to Junior one week from contract closing); 94-3 at 2 (confirming the October 10 issuance of CS stock to Junior); 91-2 at 10 (noting the potential applicability of SEC Rule 144 to the contract with Junior); 94-5 at 2 (Junior requesting help completing a brokerage account application for the deposit of his CS stock months after the date Kush issued the stock).

A reasonable jury could likewise conclude that Kush was excused from delivering its stock and from assuming the two VVE mortgage notes because the Van Vrankens materially breached both agreements before these remaining Kush obligations came due. *See, e.g.*, ECF Nos. 74-1 at 3 (stating that Senior failed to perform obligations under the VVE agreement); 73-2 at 2 (noting that Kush had 12 months from the date of contract execution to assume the two VVE mortgage notes); 94-1 at 3-4 (stating that Junior failed to perform obligations under the MG agreement and no firm deadline existed for the issuance of Kush stock).

III.    **CONCLUSION**

I THEREFORE ORDER that Defendant Frank Van Vranken's motion for partial summary judgment **(ECF No. 73) is DENIED**.

I FURTHER ORDER that Defendant Frank Van Vranken, Jr.'s motion for summary judgment **(ECF No. 91) is DENIED**.

DATED this 19th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] Senior argues that I should disregard the portions of John Lee's declaration that are based on "understanding, belief, or information and belief." ECF No. 75 at 8 (quotations omitted). Even if I disregard these portions of his declaration, his unqualified statements, along with other evidence in the record, are sufficient to raise genuine disputes.